Ward et al. *v.* Hampden Township et al.

Argued December 9, 1970, before President Judge BOWMAN, and Judges KRAMER, WILKINSON, MANDERINO, and MENCER.

23

*George F. Douglas, Jr.,* for appellants.

*Tom H. Bietsch,* for appellees.

OPINION BY JUDGE WILKINSON filed December 15, 1970:

This is an appeal from the decree of the Court of Common Pleas of Cumberland County dismissing the appellants' complaint in equity to enjoin the Hampden Township Commissioners and the Hampden Township Sewer Authority from proceeding with construction of a sanitary sewage treatment plant in Hampden Township, Cumberland County, Pennsylvania. A preliminary injunction was requested originally but the request was withdrawn. A hearing was held on the complaint and answer, and testimony was taken for two days, covering 220 pages in the record.

The appellants presented two positions to the Court below: (1) The proposed sewage treatment plant would be a nuisance per se, and (2) the plant as designed and located would be a nuisance in operation. The lower court ruled against appellants on point (1) as a matter of law and found against them on point (2) based on the testimony offered. We must affirm the Cumberland County Court on both points.

The law in Pennsylvania is well established that the operation of a sewage treatment plant is not a nuisance per se. A leading case on this point is *Lees v. Sampson Land Company*, 372 Pa. 126, 92 A. 2d 692 (1952). Appellants seek to avoid this decision by offering testimony that this plant would emit offensive odors. The appellees offered evidence to the contrary. The lower court in finding against appellants pointed out that appellants' own expert witness testified that there would not be any offensive odor emitted if the plant is properly operated.

Judge WEIDNER, in addition to making appropriate, well supported findings of fact and clearly stated, accurate conclusions of law, summarized these findings and his discretion in the following succinct manner: "The evidence clearly establishes that the proposed plant, if efficiently operated, will not pollute the air, endanger the health and comfort, or depreciate the value of the plaintiffs' real estate and it does not constitute a nuisance per se or a nuisance in fact. Joseph L. Ward, et al. v. Hampden Township et al., No. 3, Jan. T. 1970 (C.P. Cumb. Co., June 26, 1970)." Our review of the record of testimony and the law not only convinces us that Judge WEIDNER was correct; indeed, we are convinced that he could not have concluded otherwise.

If the appellees fail to construct the plant as designed or fail to operate it efficiently and noxious odors and other dire consequences predicted by appellants result therefrom, ample remedies are available to appellants to protect themselves. At that time, if and when it should occur, the conditions would be in existence and not a matter of speculation. *See Lees v. Sampson Land Company, supra.*

The other arguments of appellants that the plant could be located elsewhere, that the plant need not be

constructed at all, and that the sewer lines would connect with a plant in the adjoining township, are matters exclusively within the discretion of the Hampden Township Board of Commissioners and the Hampden Township Sewer Authority, absent bad faith, fraud, or a palpable abuse of the discretionary power. There were no such allegations in the complaint and no such testimony offered.

The decree of the court below is affirmed.